The relief described hereinbelow is SO ORDERED

Done this 30th day of May, 2017.



**William R. Sawyer**
**United States Bankruptcy Judge**



_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

In Re:                                        Case No:        13-10126-WRS

**Athena Valencia Metcalf**
**SSN:   xxx-xx-8012**

     Debtor

### ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY
### FILED BY SELECT PORTFOLIO SERVICING, INC., AS SERVICING AGENT
### FOR DLJ MORTGAGE CAPITAL, INC.

     This matter coming before the Court on the Motion for Relief from Automatic Stay filed by SELECT PORTFOLIO SERVICING, INC., AS SERVICING AGENT FOR DLJ MORTGAGE CAPITAL, INC. (hereinafter "Creditor"), and this Court being informed of the agreement of the parties hereto, it is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

1. The post-petition mortgage payments through May 2017 in connection with Creditor's Motion for Relief from Stay are calculated below:

   | | |
   |---|---:|
   | 6 payments @ $658.29 for 12/16 to 05/17: | $3,949.74 |
   | Less Suspense: | ($105.49) |
   | Total: | $3,844.25 |

2. The Creditor shall file a post-petition claim for the **TOTAL POST-PETITION ARREARAGE** of $3,844.25.

3. The Chapter 13 Plan payments are hereby increased to $288.00 semi-monthly.

4. The fixed payments to the Creditor are set at $481.00.

5. The Motion for Relief from Stay filed by SELECT PORTFOLIO SERVICING, INC., AS SERVICING AGENT FOR DLJ MORTGAGE CAPITAL, INC. is hereby conditionally denied. However, should the Debtor default under the mortgage agreement between the parties beginning June 2017, the Motion for Relief from Stay is granted if the Creditor gives the Debtor and the Debtor's attorney twenty (20) days written notice of opportunity to cure. If the default is not cured within twenty (20) days from the date the notice is issued, then the stay shall lift without further Order from the Court. Further, the Creditor is allowed to communicate with the Debtor any communication required under the note and mortgage or under state law. Waiver of default shall not constitute waiver of subsequent default.

6. If relief from the automatic stay under 11 U.S.C. § 362 becomes effective, this Creditor is thereafter entitled to enforce any and all of its right, title, interest in and to the subject property under applicable non-bankruptcy law. The filing and service of Notice of Payment Change and/or Notices of Post-Petition Fees, Expenses, and Charges, as described by FRBP 3002.1(b) and FRBP 3002.1(c) are not required once relief from the automatic stay under 11 U.S.C. § 362 is triggered and becomes effective. Upon entry of this Order granting relief from the automatic stay under 11 U.S.C. § 362, the 14-day stay of Rule FRBP 4001(a)(3) is waived.

### END OF ORDER ###

This document was prepared by:
Stephen Bulgarella, Esquire
Sirote & Permutt, P.C.
P.O. Box 55887
Birmingham, Alabama 35255-5887
Telephone: 205-918-5083
sbulgarella@sirote.com

This Order was approved by the Debtor's Attorney, Michael D. Brock and Sabrina L. McKinney, Standing Trustee.